■ STANLEY PACHECO, Respondent, v BOARD OF EDUCATION OF CITY OF NEW YORK, Appellant. [631 NYS2d 400] —In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Queens County (Price, J.), dated February 3, 1993, which, inter alia, denied the defendant's motion pursuant to CPLR 4404 to set aside the jury's verdict on the issue of liability and for judgment in its favor, and (2) a judgment of the same court, dated November 22, 1993, which, upon a jury verdict finding, inter alia, the defendant 50% at fault in the happening of the incident and awarding the plaintiff damages in the principal sum of $30,036,000 in favor of the plaintiff and against it.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, and the complaint is dismissed; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

It was error for the trial court to deny the defendant's motion to dismiss the complaint and for judgment in its favor at the conclusion of the plaintiff's case for failure to make out a prima facie case of negligence. Upon our review of the evidence in the light most favorable to the plaintiff, and according him the benefit of every reasonable inference *(see, Negri v Stop & Shop,* 65 NY2d 625, 626), we conclude that " 'there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial' " *(Mirand v City of New York,* 190 AD2d 282, 287, *affd* 84 NY2d 44; *see also, Cohen v Hallmark Cards,* 45 NY2d 493, 499).

Specifically, even assuming, *arguendo,* that the defendant did breach its duty to provide adequate supervision over its students, the evidence adduced at trial was insufficient to establish either that the incident was a foreseeable consequence of such a breach or that the breach was a proximate cause of the shooting. Bracken, J. P., Balletta, Pizzuto and Krausman, JJ., concur.